1 | MICHAEL G. KING (SBN 145477)
2 | SUSAN J. WILLIAMS (SBN 82976)
  | HENNELLY & GROSSFELD LLP
3 | 4640 Admiralty Way, Suite 850
  | Marina del Rey, CA 90292
  | Telephone: (310) 305-2100
4 | Facsimile: (310) 305-2116
5 | mking@hgla.com
  | swilliams@hgla.com

6 | Attorneys for Defendant
7 | BRUCE BERMAN

8

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| RANDY QUAID, an individual, EVGENIA QUAID, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BRUCE BERMAN, an individual; and NANCY GOLIGER BERMAN, an individual, R. SCOTT TURICCHI, an individual; LANNETTE C. TURICCHI, an individual; ALL PERSONS KNOWN AND UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' TITLE, OR ANY CLOUD ON PLAINTIFFS' TITLE THERETO; and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | **CASE NO. 2:21-CV-04793-ODW-JPRx**<br>*Judge Otis D. Wright, II*<br>*Magistrate Judge Jean P. Rosenbluth*<br><br>**REPLY BRIEF IN SUPPORT OF MOTION OF DEFENDANT BRUCE BERMAN:**<br><br>**TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [F.R.C.P 12(b)(6)] AND DECLARE PLAINTIFFS VEXATIOUS LITIGANTS AND IMPOSE A PRE-FILING ORDER ON PLAINTIFFS [LOCAL RULE 83-8.2]; OR, IN THE ALTERNATIVE,**<br><br>**TO DECLARE PLAINTIFFS VEXATIOUS LITIGANTS AND REQUIRE THEM TO FURNISH SECURITY [LOCAL RULE 83-8.2]**<br><br>[Accompanied by Declaration of Susan J. Williams]<br><br>Date: October 25, 2021<br>Time: 1:30 p.m.<br>Place: Courtroom 5D<br><br>Action Filed:    June 11, 2021<br>Trial Date:     Not Set |

{00380217 }

1

# TABLE OF CONTENTS

I.   INTRODUCTION..................................................................................5

II. THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFFS' CLAIMS AGAINST BERMAN ARE TIME-BARRED. ..........................................................................................7

  A.  Claims Based On The Theory That A Deed Is Void *Ab Initio* Are Subject  To Statutes Of Limitation. .......................................................7

  B.  There Are No Grounds For Tolling The Statute Of Limitations........9

III.   THE SECOND CLAIM FOR RELIEF FAILS TO STATE A CLAIM FOR DECLARATORY RELIEF. ...............................................................12

IV.   PLAINTIFFS SHOULD BE DECLARED VEXATIOUS LITIGANTS AND THEIR CONDUCT CONTROLLED THROUGH APPROPRIATE ORDERS. ............................................................................................12

V.  CONCLUSION ..................................................................13

# TABLE OF AUTHORITIES

**CASES**

*Ankoanda v.Walker-Smith*,
  44 Cal.App.4th 610 (1996) ................................................................... 10

*Azam v. F.D.I.C.*,
  Case No. CV 15-3930-JLS (ASx), 2016 WL 4150762 (C.D. Cal. Jul. 19, 2016) . 13

*Crestmar Owners Assn v. Stapakis*,
  157 Cal.App.4th 1223 (2007) .............................................................. 10

*Jolly v. Eli Lilly & Co.*,
  44 Cal.3d 1103 (1988.) ...................................................................... 12

*McKinney v. Bank of America, N.A.*,
  Civil No. 15cv0442 JAH (KSC), 2016 WL 5922761 (S.D. Cal. April 29, 2016) ... 5

*Moss v. Moss*,
  20 Cal.2d 640 (1942) ........................................................................... 8

*Muktarian v. Barmby*,
  63 Cal.2d 558 (1965) ...................................................................... 9, 10

*Public Service Mutual Ins. Co. v. Liberty Surplus Ins. Corp.*,
  51 F.supp.3d 937 (E.D. Cal. 2014.) ..................................................... 12

*Robertson v. Superior Court.*,
  90 Cal.App.4th 1319 (2001) ............................................................ 5, 8, 9

*Salazar v. Thomas*,
  236 Cal.App.4th 467 (2015) ........................................................... 5, 8, 10

*Salazar v. Thomas*,
  36 Cal.App.4th 467 (2015) .................................................................. 6

*Schneider v. Roberts*,
  Case No. CV 14-1688 UATY, 2014 WL 1891416 (C.D. Cal. May 9, 2014) ........ 13

*Secret Valley Land Co. v. Perry*,
  187 Cal. 420 (1921.) ......................................................................... 11

*Tannhauser v. Adams*,
  31 Cal.2d 169 (1947) ........................................................................... 8

REPLY BRIEF ISO OF MOTION OF DEFENDANT BRUCE BERMAN

*Walters v. Boosinger*,
  2 Cal.App.5th 421 (2016)..................................................................... 5, 8

*Zakaessian v. Zakeassian*,
  700 Cal.App.2d 721 (1945) (statutes of limitation apply to actions to set aside ..... 9

*Zakeassian v. Zakeassian*,
  70 Cal.App.2d 721 (1945) ...................................................................... 5

**STATUTES**

Cal. Code Civ. Proc. § 391 ....................................................................... 13

**RULES**

F.R.C.P 12(b)(6) ................................................................................. 5

## I.    INTRODUCTION

Unable to controvert the applicable law or allegations of the First Amended Complaint ("FAC") and their publicly filed pleadings in other actions, plaintiffs Randy Quaid and Evgenia Quaid (the "Quaids") have filed an opposition that fails to address those matters and, instead, seeks to rely on irrelevant and misrepresented law and, improperly, a declaration.[1] The opposition does not even mention the allegations of the FAC or those in the Quaids' filings in other actions, submitted under the Request for Judicial Notice ("RJN".)  Those allegations show that the claims  asserted here against defendant Bruce Berman ("Berman") are barred by the statute of limitations because:  (1) the Quaids allegedly "discovered" the  facts underlying their claims no later than 2010; and (2) there are no grounds for tolling the commencement of the limitations period beyond the 2010 "discovery" date.

The Quaids equally fail to address the dispositive California decisions, cited in the initial memorandum supporting this motion, that establish that claims for relief based on allegations that a trust deed is void *ab initio* due to forgery are subject to applicable statutes of limitation.  See, *Salazar v. Thomas*, 236 Cal.App.4th 467, 476-77 (2015); *Robertson v. Superior Court*. 90 Cal.App.4th 1319, 1326-27 (2001); *Zakeassian v. Zakeassian*, 70 Cal.App.2d 721, 725 (1945).  See also, *Walters v. Boosinger*, 2 Cal.App.5th 421, 428 (2016).  Instead, the Quaids cite inapposite decisions (concerning the impact of a forged deed on title) that neither address, nor involve, the statute of limitations for assertion of claims for relief based on a forged or void deed.

Unable to show that there is no statute of limitations for their claims, the Quaids attempt to argue that the limitations period was tolled. But the allegations of

---

[1] On a motion under F.R.C.P. 12(b)(6), "[plaintiff is not permitted to submit evidence to support her claims and it is not proper for the Court to consider evidence outside the four corners of the complaint."  *McKinney v. Bank of America, N.A.*, Civil No. 15cv0442 JAH (KSC), 2016 WL 5922761 (S.D. Cal. April 29, 2016) at *3 (footnote and citation omitted.)

1   the FAC and in the court filings submitted under the RJN show that there is no basis

2   for tolling.  Those allegations controvert the Quaids' belated attempts to claim that

3   they were not "on notice" of the facts underlying their claims until they received

4   analytic confirmation of a purported forgery that they have consistently alleged they

5   discovered in 2010.  (See, e.g., RJN, Exh. 3, ¶ 70 [in 2010, "a review of the Santa

6   Barbara County records revealed to Evi Quaid that Berman had used a forged

7   deed"].)   For the same reasons, those allegations dispose of any attempt to argue

8   that "concealment" of the facts underlying the Quaids' claims prevented the statute

9   from commencing to run in 2010.

10          The allegations of the FAC equally belie the Quaids' argument that the statute

11  of limitations was tolled because they were in "possession" of the Property.

12  "Possession" means "[p]hysical occupancy or control over property."  *Salazar v.*

13  *Thomas*, 36 Cal.App.4th 467, 481 (2015) (quoting *Black's Law Dictionary* (9th ed.

14  2009), p. 1282.)  The FAC unambiguously alleges that the Quaids did *not* physically

15  occupy or control the Property after 1992 and that, to the contrary, Berman

16  "wrongfully occupied the Quaid Property, thereby trespassing the property on a

17  continuing basis from January 15, 1992.  Berman's wrongful occupation of the

18  property precluded Quaid from using the property…." (FAC ¶ 51.)  This is

19  consistent with the Quaids' allegations in other actions against Berman.

20          Simply put, the FAC's allegations as well as the materials submitted under the

21  RJN show that the statute of limitations for the claims asserted by the FAC ran no

22  later than 2013, three years after the Quaids became aware of the purported facts

23  underlying their claims.

24          As to the remainder of the motion, the opposition ignores the law, allegations

25  and evidence supporting the motion.   The opposition does not address the showing

26  that the second claim for relief does not state a claim for declaratory relief because it

27  addresses the parties' past, not future, conduct and is accordingly superfluous.  As to

28  the motion to have the Quaids declared vexatious litigants, the opposition fails to

REPLY BRIEF ISO OF MOTION OF DEFENDANT BRUCE BERMAN

1   address the materials submitted under the RJN and the Weiman and Williams

2   declarations showing that the Quaids have engaged in vexatious, abusive litigation

3   conduct by repeatedly filing and dismissing actions against Berman for over a

4   decade in a manner designed to prevent an adverse ruling on their time-barred

5   claims.   The opposition does not even mention that litigation history.  Likewise, the

6   opposition fails to address the federal authorities cited in the memorandum

7   supporting the motion demonstrating that, and why, the Quaids should be deemed

8   vexatious litigants and appropriate orders to control their litigation conduct made

9   under Local Rule 83-8.2. [2]

10      In sum, the allegations of the FAC and the pleadings submitted under the RJN

11   show that the Quaids' claims against Berman are time-barred.   The Quaids cannot

12   revive their stale claims by amendment and, accordingly, Berman respectfully

13   requests the Court to dismiss the FAC as to Berman without leave to amend.

14   Berman further requests the Court to prevent the Quaids from filing yet another

15   action against him by declaring them vexatious litigants and imposing a pre-filing

16   order or, alternatively, requiring them to post security.

17   **II.    THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED**

18   **BECAUSE PLAINTIFFS' CLAIMS AGAINST BERMAN ARE TIME-**

19   **BARRED.**

20      **A.    Claims Based On The Theory That A Deed Is Void *Ab Initio* Are**

21   **Subject To Statutes Of Limitation.**

22      The opposition incorrectly claims that "[u]nder California law a statute of

23   limitations does not apply to a forged grant deed and such a grant deed can be set

24   aside at any time.   (Citation.)"  (Opposition, p. 6.)   The cited decision, *Tannhauser*

---

25   [2] The Quaids falsely represent that the motion to declare them vexatious litigants was filed
26   "without the required meet and confer."  ("Points and Authorities and Quaid Plaintiffs Opposition
     To Defendant Berman's Motion To Dismiss 1&2 Plaintiffs Amended Complaint" ["Opposition"],
27   p. 25.)  As shown by the accompanying declaration of Susan J. Williams, the motion
     was discussed with plaintiffs' former counsel of record in emails and in an in-person  telephonic
28   conference of counsel conducted on August 31, 2021. (Williams Decl. ¶¶ 2-8, Exhs. A-D.)

1    *v. Adams*, 31 Cal.2d 169 (1947), says no such thing (in fact, *Tannhauser* applied a

2    statute of limitations to bar a quiet title action.)  This is not surprising, since settled

3    California law is to the contrary and California courts have expressly and

4    consistently rejected the Quaids' argument.

5          In *Walters v. Boosinger*, 2 Cal.App.5th 421 (2016), as here, a plaintiff

6    argued that "a quiet title claim based on the theory that a deed is void *ab initio* is not

7    subject to any statute of limitation and that an action thereon can be brought at any

8    time." *Id*. at 428 (internal quotation marks deleted.)  The Court of Appeal flatly

9    rejected that argument and affirmed the trial court's dismissal of the quiet title action

10    on demurrer based on the statute of limitations, holding that "the trial court did not

11    err in concluding that [plaintiff's] quiet title claim is time barred insofar as the claim

12    is premised on the theory that the 2003 grant deed is void ab initio." *Id*. at 428

13    (italics deleted.)

14       The *Walters* court cited *Salazar v. Thomas*, 236 CA.App.4th 467, 476-77

15    (2015) as authority for the principle that the statute of limitations for an action to

16    quiet title is determined by reference to the underlying theory of relief, such that a

17    quiet title action based on fraud is subject to California's three-year statute of

18    limitations for fraud.  *Id*.  The *Walters* court then cited other California decisions for

19    the proposition "that an action to cancel a deed on the ground that the deed is void is

20    subject to a statute of limitations." *Id*.  These include *Robertson v. Superior Court*,

21    90 Cal.App.4th 1319 (2001) (granting mandamus and directing trial court to vacate

22    order overruling demurrer, and enter order sustaining demurrer, to  complaint

23    seeking to declare deed void) and decisions discussed in *Robertson* including *Moss*

24    *v. Moss*, 20 Cal.2d 640, 645 (1942)  (statute of limitations applied to action to cancel

25    property settlement agreement as void since "equitable factors…may not be used as

26    a means of avoiding the express mandate of the statute of limitations") and

27    *Zakaessian v. Zakeassian*, 700 Cal.App.2d 721, 725 (1945) (statutes of limitation

28    apply to actions to set aside or cancel void instruments based on fraud or mistake.)

Although the Quaids argue that statutes of limitation may apply to actions based on a claim that a deed is voidable but not to those claiming that a deed is void, the *Walters* court rejected that argument and explained:

> As the *Robertson* court noted, *Moss* and it progeny "make clear," that "statutes of limitations apply whether the document under challenge is asserted to be ' void' or 'voidable.' " (*Robertson*, supra, at p. 1326, fn. 6….italics added.)  We agree….Accordingly, we reject [plaintiff's] contention that a quiet title claim is based on the theory that a deed is void *ab initio* is not subject to any statute of limitation "and can be brought at any time." (Italics added.)  *Id.* at 433.

As shown at pages 10-13 of the initial memorandum supporting this motion, the allegations of the FAC and in pleadings filed by the Quaids in their other actions show that this action is time-barred.  The FAC should accordingly be dismissed, with prejudice.

**B.    There Are No Grounds For Tolling The Statute Of Limitations.**

In an attempt to avoid the bar of the statute of limitations, the Quaids argue, on four grounds, that the statute of limitations did not commence running in 2010 but was somehow tolled.  None of these arguments has merit.

First, the Quaids argue that the statute of limitations was tolled because they were and are in possession of the Property.  The Quaids are correct in citing *Muktarian v. Barmby*, 63 Cal.2d 558 (1965) for the proposition that no statute of limitation runs against a plaintiff seeking to quiet title to property while he is in possession of that property.   However, they are incorrect in arguing that their claim to title to the Property (based on their contention that the 1992 deed was void) constitutes the requisite possession that could or does toll the statute.  California courts have rejected that argument, explaining that "*Muktarian* illuminates…that *title does not equal possession*.  In *Muktarian*, the son had title but the statute of limitations on the father's quiet title action did not run because the father retained

1  possession by remaining on the property." *Crestmar Owners Assn v. Stapakis*, 157

2  Cal.App.4th 1223, 1230 (2007) (emphasis added.)

3      "Actual possession" means "[p]hysical occupancy or control over property."

4  *Salazar v. Thomas*, 236 Cal.App.4th 467, 482 ((2015) (quoting *Black's Law*

5  *Dictionary* (9th ed. 2009), p. 1282.)  And the physical occupation or control

6  constituting possession and "required to toll the statute of limitations under

7  *Muktarian v. Barmby*, 63 Cal.2d 558, 560 (1965) must be exclusive and

8  undisputed." *Ankoanda v.Walker-Smith*, 44 Cal.App.4th 610, 616 (1996) (internal

9  quotation marks deleted.)

10     The FAC alleges that the Quaids did not physically occupy or control the

11  Property after 1992.  It alleges that "if the Quaids had known they would be citizen's

12  arrested…the Quaids would have remained living on the property year-round…

13  (FAC ¶ 2.)  The  FAC further alleges that Berman "wrongfully occupied Quaid's

14  Property…."  (FAC ¶ 47.)  The FAC also alleges that Berman "wrongfully occupied

15  the Quaid Property, thereby trespassing the property on a continuing basis from

16  January 15, 1991.  Berman's wrongful occupation of the property precluded Quaid

17  from using the property…"  (FAC ¶ 51.)  And the FAC alleges that the Quaids sent a

18  letter to the Turicchis on September 18, 2010 "noticing" the Turicchis that the

19  Turicchis were "trespassing" and demanding that the Turicchis "vacate

20  immediately" and "leave our keys in the mailbox…."  (FAC ¶ 44, Exh. J.)  Any

21  allegations about what Berman purportedly said when "confronted" by Mrs.  Quaid

22  about *his* use of the Property are irrelevant; the FAC clearly alleges that the *Quaids*

23  did not, after 1992 have the exclusive, undisputed physical possession of the

24  Property required to toll the statute of limitations on their claims.   These allegations

25  are confirmed by the Quaids' allegations in other pleadings.   (See, e.g., RJN Exh. 1,

26  p. 4 ["What I do know is that we moved out of the Montecito house and construction

27  began…"].)

28

Second, the opposition argues that the statute of limitations was tolled as a matter of law, citing an inapposite decision addressing whether the priority of recorded interests could be reversed through adverse possession, *Secret Valley Land Co. v. Perry*, 187 Cal. 420 (1921.) The opposition quotes the following language from that decision:

> An outstanding adverse claim, which amounts only to a claim upon the title, is a continuing cause of action, and is not barred by lapse of time, until the hostile claim is asserted in some manner to jeopardize the superior title. So long as the adverse claim remains dormant and inactive, the owner of the superior title…has the privilege of allowing it to stand indefinitely. *Id.* at 436-37. (See, Opposition, p. 18.)

As the FAC alleges, Berman's claim to title through a recorded grant deed was the opposite of "dormant" or "inactive." The FAC alleges that on January 15, 1992, Berman caused the grant deed to be recorded (FAC ¶ 1); that the Quaids were "denied the use of their property and its value due to the wrongful nature of the forged Quaid-Berman grant deed" (FAC ¶ 2); that Berman transferred the Property in 2007 to the Turicchis by grant deed (FAC ¶ 40); that "[d]ue to forgery and recordation of the Quaid/Berman grant deed, Berman wrongfully occupied the Quaid's Property" (FAC ¶ 47); and that his doing so "precluded Quaid from using the property…" (FAC ¶ 51.) These are unambiguous allegations of the assertion of an active claim to title to the Property, hostile to the Quaids' claimed title.

Third, the Quaids claim that they were not "on notice" of the facts underlying their claims against Bermans until they received a report in 2020 that constituted "actual analytical knowledge authenticating and confirming their own personal knowledge" of the forgery. (FAC ¶ 58.) The Quaids were not required to know the "specific facts" necessary to their claims to start the statute of limitations running; once they had a "suspicion of wrongdoing" they were required to "decide whether to file suit or sit on [their] hands." *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1111

(1988.)  The Quaids  had more than a "suspicion of wrongdoing" in 2010 and, in fact, did not "sit on their hands"—they filed the first of many actions against Berman in 2010.   Having alleged in those actions (as here) that they were aware of the alleged fraud and forgery in 2010, the Quaids cannot now claim that the statute of limitations did not commence running at that time.  Any "confirmation" of the Quaids' alleged "personal knowledge"  is irrelevant.

Fourth and finally, the Quaids attempt to avert the statute of limitations by claiming that the facts underlying their claims were "concealed" through "deceptive conduct."  (Opposition, p. 24.)   But the Quaids allege in the FAC and prior court filings that they "discovered" the alleged fraud and forgery in 2010; they even sued Berman for that alleged fraud in 2010.  By 2010, the Quaids were aware of the facts underlying their claims such that any purported "fraudulent concealment" could not toll the statute of limitations thereafter.

## III.   THE SECOND CLAIM FOR RELIEF FAILS TO STATE A CLAIM FOR DECLARATORY RELIEF.

The opposition fails to address the nature of declaratory relief or the declaration sought by the FAC.  The declaratory relief sought by the FAC is a declaration "that Berman had no authority to transfer to Turicchi from Quaid an interest in the Quaid Property…"  (FAC ¶ 81.)  Because the remedy sought addresses solely past wrong conduct and would not "offer guidance in shaping future conduct", it is "superfluous" and should be dismissed.  *Public Service Mutual Ins. Co. v. Liberty Surplus Ins. Corp.,* 51 F.supp.3d 937, 950 (E.D. Cal. 2014.)

## IV.   PLAINTIFFS SHOULD BE DECLARED VEXATIOUS LITIGANTS AND THEIR CONDUCT CONTROLLED THROUGH APPROPRIATE ORDERS.

The opposition ignores the federal authorities cited in the initial memorandum supporting this motion and, instead, argues that the Quaids can be found to be vexatious litigants  only if they lost at least five *pro se* lawsuits in the preceding

seven years, citing Cal. Code Civ. Proc. § 391.  Leaving aside that this is an incomplete statement of that statute, Local Rule 83-8.4 provides that this Court may "at its discretion" proceed by reference to the vexatious litigant statutes of the state of California, but "nothing in this rule shall be construed to require that such a procedure be followed."  See, *Azam v. F.D.I.C.*, Case No. CV 15-3930-JLS (ASx), 2016 WL 4150762 (C.D. Cal. Jul. 19, 2016) at *7.

The opposition does not even mention, much less attempt to explain or justify, the Quaids' pattern of repeatedly filing and dismissing actions against Berman asserting the same claims based on the same underlying facts.  The opposition seeks to sidestep that showing, and the authorities cited in the initial brief supporting this motion, by arguing that the Quaids believe in the merits of their claims and should be allowed to litigate them without regard to their abusive tactics.  Not so.  No matter how fervently the Quaids may believe in and want to pursue their claims (as they have been doing for over a decade), their pattern of repeatedly filing actions against the same defendants seeking to enforce the same alleged rights based on the same underlying events is properly considered vexatious.  *Id*. at *9, *20.   See also, *Schneider v. Roberts*, Case No. CV 14-1688 UATY, 2014 WL 1891416 (C.D. Cal. May 9, 2014) at *7.

## V.    CONCLUSION

For the foregoing reasons and those shown in his initial moving papers, Berman respectfully requests the Court to dismiss the action against him with prejudice and to enter an order declaring the Quaids vexatious litigants and impose a

//
//
//
//
//

REPLY BRIEF ISO OF MOTION OF DEFENDANT BRUCE BERMAN

pre-filing order or, alternatively, order the Quaids to post security.

DATED:  October 8, 2021                    HENNELLY & GROSSFELD LLP

                                           By: */s/ Susan Williams*
                                                MICHAEL KING
                                                SUSAN J. WILLIAMS
                                                Attorneys for Defendant
                                                Bruce Berman

{00380217 }                          14
REPLY BRIEF ISO OF MOTION OF DEFENDANT BRUCE BERMAN

## PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 4640 Admiralty Way, Suite 850, Marina del Rey, California, 90292.

On October 8, 2021, I served the following document(s):

**REPLY BRIEF IN SUPPORT OF MOTION OF DEFENDANT BRUCE BERMAN:  TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [F.R.C.P 12(B)(6)] AND DECLARE PLAINTIFFS VEXATIOUS LITIGANTS AND IMPOSE A PRE-FILING ORDER ON PLAINTIFFS [LOCAL RULE 83-8.2]; OR, IN THE ALTERNATIVE, TO DECLARE PLAINTIFFS' VEXATIOUS LITIGANTS AND REQUIRE THEM TO FURNISH SECURITY [LOCAL RULE 83-8.2]** on the interested parties in this action as indicated below:

| | |
|---|---|
| Randy Quaid, Pro Se<br>7600 Chevy Chase Drive Chase Park,<br>Suite 300 Quaid Films<br>Austin, TX 78752 | randyquaid@mail.be |
| Evgenia "Evi" Quaid, Pro Se<br>7600 Chevy Chase Drive Chase Park,<br>Suite 300 Quaid Films<br>Austin, TX 78752 | eliza.george@mail.be |
| Anjani Mandavia, Esq.<br>David L. Burg, Esq.<br>MANDAVIA EPHRAIM AND BURG, LLP<br>1801 Century Park East, Suite 2400<br>Los Angeles, CA 90067<br>Telephone: (310) 556-9694<br>Email: amandavia@mandaviallp.com<br>Email: dburg@mandaviallp.com | Attorney for Defendant Warner Brothers Pictures |

**(X)** **(By E-Mail)**  I caused the above-referenced document(s) to be transmitted from my e-mail address vdaniels@hgla.com to the interested parties at the appropriate e-mail addresses as listed above.  I did not receive, with a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

(  ) (By Overnight Delivery) I deposited in a box or other facility regularly maintained by FedEx or Overnight Express, an express service carrier, or

delivered to a courier or driver authorized by said express carrier to receive documents, a copy of the above-named document(s).

( )   (By Mail) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above or on the attached service list and deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid. I am an employee in the county where the mailing occurred. The envelope or package was placed in the mail at Marina del Rey, California.

**(X)**   **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 8, 2021, at Marina del Rey, California.

_____
Vicky Daniels

REPLY BRIEF ISO OF MOTION OF DEFENDANT BRUCE BERMAN